

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**SHELLI CLARK,**

               **Plaintiff,**

v.

Civil Action No.: 8:26-cv-2077-VMC-SPF

**MENNA DEVELOPMENT & MANAGEMENT, INC.,**
[Serve: Registered Agent
    Anthony Menna
    13700 58th Street North, No. 206
    Clearwater, Florida 33760]

and

**CLEARWATER CENTRAL HOSPITALITY, LLC,**
[Serve: Registered Agent
    Ian Larson
    13700 58th Street North, No. 206
    Clearwater, Florida 33760]

               **Defendants.**

### COMPLAINT

For her Complaint against the above named Defendants, Plaintiff, Shelli Clark, by and through her undersigned counsel, states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an individual who resides in and is a citizen of the State of Kansas.

2. Defendant, Menna Development & Management, Inc. (hereinafter "Menna"), is a corporation organized and existing under the laws of the State of Florida, which is authorized to transact, and is transacting, business in the State of

Florida. Defendant owns, operates, or manages a hotel commonly known as the TownePlace Suites by Marriott, located at 21090 US Highway 19 N in Clearwater, Florida. Defendant Menna can be served with process by delivering a copy of this complaint and a summons to its registered agent, Anthony Menna, at 13700 58th Street North, No. 206, Clearwater, Florida 33760.

3. Defendant, Clearwater Central Hospitality, LLC (hereinafter "CCH"), is a limited liability company organized and existing under the laws of the State of Florida, which is authorized to transact, and is transacting, business in the State of Florida. Defendant owns, operates, or manages a hotel commonly known as the TownePlace Suites by Marriott, located at 21090 US Highway 19 N in Clearwater, Florida. Defendant CCH can be served with process by delivering a copy of this complaint and a summons to its registered agent, Ian Larson, at 13700 58th Street North, No. 206, Clearwater, Florida 33760.

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a)(1) in that it is a dispute between citizens of different states wherein the amount in controversy exceeds $75,000.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred in this judicial district.

## GENERAL ALLEGATIONS

6. Defendant Menna and/or Defendant CCH was, on August 15, 2024, the owner, occupier, possessor, or manager of the hotel commonly known as the

2

TownePlace Suites by Marriott, located at 21090 US Highway 19 N in Clearwater, Florida (hereinafter "the Premises").

7. On August 15, 2024, Plaintiff was an invitee on the premises in that she was on the premises for purposes connected to the business of Defendant Menna and/or Defendant CCH.

8. On August 15, 2024, at approximately 12:15 p.m., Plaintiff was walking across the floor of the lunch area located on the premises when she slipped and fell, striking her body on the ground.

9. Plaintiff slipped in water, which was difficult for patrons to see and rendered the premises unreasonably dangerous for invitees.

10. At all times material to this lawsuit, Defendant Menna and/or Defendant CCH maintained and exclusively controlled the premises.

11. At all times material herein, Plaintiff exercised reasonable and due care for her safety, health, and well-being.

12. Plaintiff did not know, nor could she have known through the exercise of reasonable care, that water was present on the floor of the lunch area or that the condition presented an unreasonably dangerous hazard.

### COUNT I: NEGLIGENCE VS. DEFENDANT MENNA

For Count I of her Complaint, Plaintiff states and alleges as follows against Defendant Menna:

13. Each of the preceding paragraphs of this Complaint is incorporated herein as though fully set forth.

3

14. As the owner, occupier, possessor, or manager of the premises, Defendant Menna owed a duty to exercise reasonable and ordinary care to ensure that the premises were reasonably safe. Defendant Menna also owed a duty to the Plaintiff to warn her of any dangerous conditions on the premises.

15. The water on the floor, which caused the Plaintiff to slip and fall, presented a dangerous and unsafe condition involving an unreasonable risk of harm to Plaintiff and other patrons of the hotel.

16. Defendant Menna knew, or through the exercise of reasonable care should have known, of the dangerous and unsafe condition posed by the water on the floor. Defendant Menna also knew, or should have known, that this condition involved an unreasonable risk of harm to Plaintiff and other hotel patrons.

17. Defendant Menna breached its duties to Plaintiff and was negligent in failing to use reasonable and ordinary care to ensure that the Premises were safe for customers, failing to correct the dangerous condition presented by the water on the floor of the lunch area, and/or failing to adequately warn Plaintiff about the hazardous condition despite knowing or having reason to know of the danger.

18. As a direct and proximate result of Defendant Menna's negligence, Plaintiff sustained serious, permanent, and debilitating injuries, including but not limited to an injury to her left shoulder.

19. Additionally, Plaintiff has incurred, and will continue to incur, the following damages:

(a) Hospitalization, medical, and other related healthcare expenses;

(b) Loss of time or income due to her injuries;

(c) Severe physical pain, suffering, loss of enjoyment of life, disability, disfigurement, and mental anguish;

(d) Probable future medical expenses, lost time or income, physical pain, suffering, loss of enjoyment of life, mental anguish, disfigurement, and disability.

**WHEREFORE**, Plaintiff Shelli Clark respectfully prays that the Court enter judgment in her favor and against Defendant Menna Development & Management, Inc. in an amount that is fair and reasonable and exceeding Seventy-Five Thousand Dollars ($75,000.00), for her costs incurred herein, and for such other and further relief as the Court may deem just and proper.

## COUNT II: NEGLIGENCE VS. DEFENDANT CCH

For Count II of her Complaint, Plaintiff states and alleges as follows against Defendant CCH:

20. Each of the preceding paragraphs of this Complaint is incorporated herein as though fully set forth.

21. As the owner, occupier, possessor, or manager of the premises, Defendant CCH owed a duty to exercise reasonable and ordinary care to ensure that the Premises were reasonably safe. Defendant CCH also owed a duty to the Plaintiff to warn her of any dangerous conditions on the premises.

22. The water on the floor, which caused the Plaintiff to slip and fall, presented a dangerous and unsafe condition involving an unreasonable risk of harm to Plaintiff and other patrons of the hotel.

23. Defendant CCH knew, or through the exercise of reasonable care should have known, of the dangerous and unsafe condition posed by the water on the floor. Defendant CCH also knew, or should have known, that this condition involved an unreasonable risk of harm to Plaintiff and other hotel patrons.

24. Defendant CCH breached its duties to Plaintiff and was negligent in failing to use reasonable and ordinary care to ensure that the premises were safe for customers, failing to correct the dangerous condition presented by the water on the floor of the lunch area, and/or failing to adequately warn Plaintiff about the hazardous condition despite knowing or having reason to know the danger.

25. As a direct and proximate result of Defendant CCH's negligence, Plaintiff sustained serious, permanent, and debilitating injuries, including but not limited to an injury to her left shoulder.

26. Additionally, Plaintiff has incurred, and will continue to incur, the following damages:

(a) Hospitalization, medical, and other related healthcare expenses;

(b) Loss of time or income due to her injuries;

(c) Severe physical pain, suffering, loss of enjoyment of life, disability, disfigurement, and mental anguish;

(d) Probable future medical expenses, lost time or income, physical pain, suffering, loss of enjoyment of life, mental anguish, disfigurement, and disability.

**WHEREFORE**, Plaintiff Shelli Clark respectfully prays that the Court enter judgment in her favor and against Defendant Clearwater Central Hospitality, LLC

6

in an amount that is fair and reasonable and exceeding Seventy-Five Thousand Dollars ($75,000.00), for her costs incurred herein, and for such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

COUCH, PIERCE, KING & WHARTON, CHARTERED

MICHAEL WHARTON    KS#16228
10975 Benson Drive, Suite 370
Overland Park, Kansas 66210
Telephone: 913-451-8430
Fax: 913-451-8531
Email: mwharton@cpkwlaw.com
**ATTORNEYS FOR PLAINTIFF**